In re BRADLEY.

(District Court, D. Connecticut. February 24, 1920.)

1. BANKRUPTCY ⬤⟶267—EXCLUDED TESTIMONY IMMATERIAL AS TO EXISTENCE OF TRUST FUND.

In proceeding to determine right to proceeds of property sold free from lien of mortgages given by bankrupt to his daughters, the question being whether such mortgages represented a trust fund for the daughters' benefit, excluding a claimed admission by a minor daughter of the bankrupt that she had never seen the mortgages and notes involved was proper, since the testimony would not tend to establish the existence or nonexistence of the trust fund.

2. EVIDENCE ⬤⟶121(8)—TESTIMONY REGARDING ESTABLISHMENT OF TRUST FUND ADMISSIBLE AS RES GESTÆ.

In proceeding to determine whether mortgages given by a bankrupt to his daughters represented a trust fund for their benefit, evidence regarding statements made by the bankrupt when the trust was created, and when the land involved was bought, held admissible as part of the res gestæ.

3. APPEAL AND ERROR ⬤⟶1050(2)—ERROR IN ADMITTING IMMATERIAL EVIDENCE NOT CAUSE FOR REVERSAL.

Any error in admitting evidence is not cause for reversal, where its receipt was not of sufficient importance to have affected the issues.

4. BANKRUPTCY ⬤⟶184(1)—MORTGAGE VALID AGAINST CREDITORS ALTHOUGH TRUE TRANSACTION NOT SHOWN.

Under the Bankruptcy Act (Comp. St. §§ 9585–9656) and the law of Connecticut, mortgages given by a bankrupt to his daughters, which represented a trust fund for their benefit, but not disclosing the true nature of the transaction, held good as against the bankrupt's creditors, where no third parties had been misled by failure of mortgages to show the trust, except persons furnishing services and material to the property who were reimbursed.

5. BANKRUPTCY ⬤⟶186(1)—MORTGAGE REPRESENTING TRUST FUND SUBJECT TO PAYMENT FOR SERVICES AND MATERIALS FURNISHED PROPERTY.

Where mortgages given by a bankrupt to his daughters represented a trust fund for their benefit, the mortgage proceeds should be charged with services performed and materials furnished to the property while the legal title was in the bankrupt.

6. BANKRUPTCY ⬤⟶267—FINDINGS OF REFEREE REGARDING TRUST FUND SUSTAINED.

In proceeding to determine right to proceeds of property sold free from lien of mortgages to bankrupt's daughters, referee's finding that bankrupt's mortgages to his daughters represented a trust fund previously created for their benefit held sustained by the evidence, although the trust had been carelessly administered and the court might possibly have reached a different conclusion than the referee.

In Bankruptcy. In the matter of Walter H. Bradley, bankrupt. Referee's report, that mortgages given by the bankrupt to his daughters represented trust funds for the daughters' benefit, approved.

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Stoddard, Goodhart & Stoddard and Bristol & White, all of New Haven, Conn., for creditors and trustee.

Slade, Slade & Slade, of New Haven, Conn., for respondents.

GARVIN, District Judge. By direction of the referee, upon the application of the trustee in bankruptcy, two parcels of land in New Haven, standing in the name of the bankrupt herein, were sold by the trustee free from the liens of certain second mortgages thereon, made to minor daughters of the bankrupt, the proceeds to be held by the trustee subject to the determination of the validity of said second mortgages. Thereafter both the trustee and the guardian ad litem of said minor daughters filed claims to the proceeds; the trustee contending that the said second mortgages do not represent true indebtednesses to said daughters, and the guardian claiming that the bankrupt bought the properties with trust funds belonging to his children.

The referee has decided in favor of the guardian, and has filed his report, dated May 14, 1919, by which he has found that the mortgages involved represent trust funds, the property of Esther A. and Helen T. Bradley, the bankrupt's minor daughters. The trustee in bankruptcy has filed a petition for review of said order and assigned as error:

[1] I. The exclusion of the testimony of Esther A. Bradley, claimed to be an admission by her, which had been given at a previous hearing. This was no error, because the testimony excluded was that she had never seen the mortgages and the note involved. Such testimony from a minor, a girl, could have no significance as to the existence or nonexistence of a trust fund for her benefit, and was immaterial. The referee had seen this child, and could in his discretion determine whether she was sufficiently mature to attach any significance to such testimony as was excluded.

II. The same question is involved in the second assignment of error.

[2] III. The referee received, over objection, the testimony of one Casey, who described what occurred, and what the bankrupt said in 1902, when it is claimed that the trust was created. This was no error; indeed, the conduct and statements of the bankrupt, many years before he filed the petition in bankruptcy, and with nothing to indicate that he was contemplating such action, are a part of the res gestæ in connection with the creation of the fund, and are of help in determining the real facts.

IV. A similar question is involved in the fourth assignment of error, except that the statements made by the bankrupt were made when the two parcels of land in question were bought by him. What he said at that time was a part of the res gestæ and admissible.

[3] V. If error was committed in allowing this testimony, its receipt is not of sufficient importance to affect the issues.

VI. The question involved in this assignment was discussed in the fourth assignment of error.

VII. The same question is involved in this assignment.

The other assignments are these three:

[4] (a) That the referee erred in holding that under the law of Connecticut, or the Bankruptcy Law (Comp. St. §§ 9585–9656), a mortgage is good as against·creditors when it fails to disclose on the record the true nature of the transaction. In view of the finding of fact by the referee that the money involved belonged to the minors, and inasmuch as no third parties parted with property, misled by the failure to have the mortgages drawn to show the trust, except those referred to in the next succeeding paragraph, this holding of the referee is correct.

[5] (b) The referee held that the fund, although it belonged to the minors, should be charged with certain services performed for and materials furnished to the property while the legal title was in the bankrupt. This was entirely in accord with the equitable obligation imposed upon the children to see that those who preserved their property were paid therefor. Furthermore, this ruling was rather to the benefit of the bankrupt's estate than to its prejudice.

[6] (c) The trustee in bankruptcy has urged with great force that the report be rejected, and that if the court shall not hold that the said trustee is entitled to the proceeds on the record now before the court, the issues be referred to another master. The court has therefore examined the testimony, the record submitted, and the briefs with great care, and has given the entire matter earnest consideration. While the court, with only this record before it, might possibly have reached a conclusion of a character different from that of the referee, that of itself does not justify a reversal. The referee has found as a fact that the moneys which went into the mortgages involved were trust funds belonging to the bankrupt's children. That the trust was administered most carelessly cannot be denied, but the referee has had before him the bankrupt, his wife, and the other witnesses produced by the guardian. He has seen them testify, and noted their attitude as each gave evidence. With this advantage in observing the witnesses themselves, he has reached the conclusion, after taking testimony at length, and upon what seems to the court full and careful consideration, that the guardian has established his allegations. With such a finding I am reluctant to interfere, and have decided to confirm the report. I have reached this determination with less hesitation because it appears from the record that the guardian herein, apprehensive that the special master was disqualified and had formed an opinion adverse to the infants' contentions, which it would require evidence to remove, petitioned the court to appoint another special master. The court denied the·application, but it is apparent that the master did not take up this matter in any attitude of mind prejudicial to the trustee in bankruptcy.

The report of the referee is accordingly approved.